IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO. 2:11-76-(1) |
| | : |
| AMOS SINGLETON | : |

**ORDER**

**AND NOW**, this 5th day of August, 2022, upon consideration of Defendant Amos Singleton's pro se "Petition for Compassionate Release/Reduction in Sentence" (ECF No. 320), the government's Response in Opposition (ECF No. 322), and Mr. Singleton's various other pro se filings, and for the reasons stated in the Court's accompanying Memorandum, it is hereby **ORDERED** that Mr. Singleton's "Petition for Compassionate Release/Reduction in Sentence" is **DENIED**; and it is **FURTHER ORDERED** as follows:

1. As nothing within Mr. Singleton's "Motion for Leave to File Supplementary Defense" (ECF No. 328) would have any effect on the outcome of his compassionate release request, that motion is **DENIED AS MOOT**.

2. Mr. Singleton's "Motion Requesting Appointment of Counsel" (ECF No. 335) is **GRANTED**, and Susan M. Lin, Esq. is appointed pursuant to 18 U.S.C. § 3006A to represent him in connection with his ongoing 28 U.S.C. § 2255 proceedings only. His prior "Motion Requesting Appointment of Counsel" (ECF No. 325) is accordingly **DENIED AS MOOT**.

3. Any memorandum of law filed by Mr. Singleton's appointed counsel in support of his claim under § 2255 pursuant to the Supreme Court's decisions in *Johnson v. United States*, 576 U.S. 591 (2015) and *Borden v. United States*, 141 S. Ct. 1817 (2021) shall be filed within **sixty (60) days** of the date of this Order.  *See* 3d Cir. Order at ECF No. 329.

This Court also notes that Mr. Singleton's subsequently filed § 2255 petition (ECF No. 299) must be construed as a motion to amend his initial habeas petition (*see United States v. Santarelli*, 929 F.3d 95, 106 (3d Cir. 2019)), and any argument(s) in support of that motion to amend shall be included in the same memorandum of law due within sixty (60) days of the date of this Order.

4. Mr. Singleton's "Motion to Cease and Desist Order [sic] in the Collection of Fines and Restitution" (ECF No. 334) requests relief that this Court lacks jurisdiction to grant. *See McGee v. Martinez*, 627 F.3d 933, 935 (3d Cir. 2010) ("Title 28, section 2241 of the United States Code 'confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence.'" (quoting *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001))); *United States v. Figueroa*, 349 F. App'x 727, 730 (3d Cir. 2009) ("A petition brought under 28 U.S.C. § 2241 must be filed in the district in which the petitioner is imprisoned."). Accordingly, no action will be taken on that "motion," and the Clerk of Court is **DIRECTED** to mark it as **DISMISSED** and/or **TERMINATED**.

                **BY THE COURT:**

                /s/ C. Darnell Jones, II
                **C. Darnell Jones, II  J.**