# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | **CRIMINAL ACTION** |
| v. | : | No. 11-76-1 |
| | : | |
| AMOS SINGLETON | : | |

**McHUGH, J.**                                                                                      **May 18, 2023**

## MEMORANDUM

This is a § 2255 challenge to the application of the Armed Career Criminal Act ("ACCA"), following the Supreme Court's decisions in *Johnson v. United States*, 576 U.S. 591 (2015) and *Borden v. United States*, 141 S. Ct. 1817 (2021). Defendant Amos Singleton argues that his prior, state-law robbery convictions can no longer be considered predicate crimes under ACCA, rendering his sentence enhancement under the statute illegal. I am constrained to agree and will therefore grant his motion in part but deny his additional claims for relief.

## I.      Relevant Background

Mr. Singleton was charged in a four-count indictment on February 8, 2011. The facts of the case are deeply troubling. Singleton, with his co-defendant, robbed the manager of an apartment complex at gunpoint, during which Singleton shot the manager, blinding her in her left eye and shattering her jaw and several teeth. The four counts of the indictment are as follows:

1. Conspiracy to commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a);

2. Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a);

3. Using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A); and

4. Possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

Mr. Singleton was convicted by a jury of all four counts, ECF 169, and he was sentenced by Judge Norma Shapiro to a total of 360 months of incarceration.   Specifically, Mr. Singleton was sentenced to 240 months on Counts One and Two, running concurrently; 60 months on Count Three, running consecutively to Counts One, Two, and Four; and 300 months on Count Four, running concurrently with Counts One and Two.   ECF 210.   Because Singleton had several prior robbery convictions and an aggravated assault conviction when he was found guilty under § 922(g), the sentencing court applied the sentencing enhancement mandated by the ACCA, which requires a 15-year mandatory minimum sentence.   If the ACCA mandatory sentence not been imposed, Mr. Singleton's sentence on Count Four could not have exceeded 120 months of incarceration, *see* 18 U.S.C. § 924(a)(2) (2010), and had the remainder of the sentence stayed the same, the maximum sentence would have been 300 months.[1]

After his conviction was affirmed, and his petition for writ of certiorari denied, Mr. Singleton filed a timely *pro se* § 2255 motion claiming that his sentence was illegal under *Johnson v. United States*, 576 U.S. 591 (2015).   ECF 245.   His motion was denied, and he filed an appeal with the Third Circuit, ECF 295 & 296, which remanded the case for consideration of Mr. Singleton's claims under *Johnson* and *Borden*.   ECF 329.   While his appeal was pending, Singleton asserted two additional claims.[2]   He has now withdrawn his claim under *Rehaif* but seeks to preserve a *Davis* claim for purposes of appeal.   ECF 356.

---

[1] Specifically, the sentencing court would have imposed two concurrent sentences of 240 months on Counts One and Two and a consecutive sentence of 60 months on Count Three, totaling 300 months or 25 years. The maximum sentence on Count Four would be 120 months and, running concurrently, it would not increase the total term of sentence.

[2] Singleton did so by filing a second *pro se* motion, which raised two additional federal claims under *United States v. Davis*, 139 S. Ct. 2319 (2019), and *Rehaif v. United States*, 139 S. Ct. 2191 (2019).   ECF 299. Judge Jones construed Mr. Singleton's second *pro se* motion as a motion to amend his original § 2255, and appointed counsel.   ECF 340.   The case was reassigned to me in December 2022.   ECF 342, 345.

## II.     Discussion

### A.  Mr. Singleton is not subject to the ACCA sentencing enhancement.

The ACCA imposes a 15-year mandatory minimum on a person who violates § 922(g) and "has three previous convictions for a violent felony or serious drug offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  Thus, the question presented by this case is whether Mr. Singleton's prior convictions for Pennsylvania first-degree robbery under 18 Pa. Cons. Stat. § 3701(a)(1)(i)-(iii) qualify as "violent felon[ies]" under the law.[3]  Although the governing law on this matter is both daunting and counter-intuitive, I must apply the law as it stands to resolve the pending motion.

#### 1.  Legal background

Under ACCA, a crime qualifies as a "violent felony" if it either (1) requires proof of "the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i); or (2) is a crime of "burglary, arson, or extortion, [or] involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii).  In *Johnson*, the Supreme Court invalidated as unconstitutionally vague what is called the "residual clause" of § 924(e)(2)(B)(ii) ("any crime . . . [that] otherwise involves conduct that presents a serious potential risk of physical injury to another").  576 U.S. at 2563; *see also Welch v. United States*, 578 U.S. 120 (2016) (holding that *Johnson* applies retroactively).  In so doing, the Court left just two narrow bases for determining whether a prior conviction is an ACCA predicate – the conviction must satisfy the elements clause of § 924(e)(2)(B)(i) or it must be one of the four offenses enumerated in § 924(e)(2)(B)(ii).  Further

---

[3] In his memorandum, Mr. Singleton also argued that his prior bank robbery and aggravated assault convictions are not proper ACCA predicates.  Because the Government does not dispute those points, I will address only the prior robbery convictions.

narrowing the elements clause, the Supreme Court held recently that crimes which can be committed with a *mens rea* of recklessness cannot qualify as a violent felony, as they do not inherently require the intentional "use of physical force." *See Borden*, 141 S. Ct. at 1833-34.

To determine whether Mr. Singleton's prior convictions are predicate offenses for ACCA, courts must employ the "categorical approach." *See Taylor v. United States*, 495 U.S. 575, 600 (1990). This requires courts "to look only to the fact *of* conviction and the statutory definition of the prior offense," and "not to the particular facts *underlying* those convictions." *Id.* at 600, 602 (cleaned up) (emphasis added). Further, to determine whether an offense is a "violent felony" under either clause of § 922(e)(2)(B), the sentencing court must "compare the elements of the crime of conviction with the elements of the 'generic' version of the listed offense – i.e., the offense as commonly understood." *Mathis v. United States*, 579 U.S. 500, 503 (2016); *see United States v. Antoine Singleton*, 252 F. Supp. 3d 423, 427-28 (E.D. Pa. 2017) (McHugh, J.). The prior conviction "qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense."[4] *Descamps v. United States*, 570 U.S. 254, 257 (2013); *Antoine Singleton*, 252 F. Supp. 3d at 428; *see Mathis*, 579 U.S. at 510 ("How a given defendant actually perpetrated the crime . . . makes no difference; even if his conduct fits within the generic offense, the mismatch of elements saves the defendants from an ACCA sentence."). Stated differently, if the statute providing the basis for the defendant's prior conviction extends to

---

[4] I previously used this example to illustrate categorical analysis: "Consider, for example, a burglary statute that criminalizes the entry of certain locations with the intent to commit certain crimes, like theft, regardless of whether that entry was lawful or unlawful. Generic burglary, however, is defined more narrowly, requiring an unlawful entry. As a result, such a burglary statute criminalizes conduct that generic burglary does not—for example, shoplifting. In such a case, the categorical approach forbids a court from using a conviction under the statute to enhance a sentence under ACCA." *Antoine Singleton*, 252 F. Supp. 3d at 427-28 (internal citations omitted).

conduct broader than the generic offense at common law, that prior conviction cannot serve as an ACCA predicate offense.

In certain, narrow circumstances, however, a sentencing court may be permitted to "go beyond identifying the crime of conviction and reviewing the statutory definition." *Antoine Singleton*, 252 F. Supp. 3d at 428 (quoting *Mathis*, 579 U.S. at 511). This "modified categorical approach" is relevant when the statute of conviction is divisible, in that it "comprises multiple, alternative versions of a crime." *United States v. Peppers*, 899 F.3d 211, 231 (3d Cir. 2018) (citing *Descamps*, 570 U.S. at 260-62). In such cases, courts may look to "a narrow category of 'extra-statutory materials' known as *Shepard* documents," which include the charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented. *Id.* at 231; *Shepard v. United States*, 544 U.S. 13, 16 (2005). Utilizing these documents, the court may "identify, from among several alternatives, the crime of conviction so that the court can compare it to the generic offense." *Descamps*, 570 U.S. at 264; *Peppers*, 899 F.3d at 231-32. In short, the modified approach allows the sentencing court to use the *Shepard* documents to determine which "alternative version" of a divisible statute formed the basis of the defendant's prior conviction, and then compare that version of the crime to the generic offense. *See Antoine Singleton*, 252 F. Supp. 3d at 429.

If, however, no *Shepard* documents are available, the modified categorical approach becomes "a useless tool," and the sentencing court must revert to the general categorical approach. *Peppers*, 899 F.3d at 232. Indeed, without *Shepard* documents – and without the ability to study the facts underlying a conviction – a court has no other way of determining which sub-provision of the relevant statute formed the basis of the defendant's conviction.

2.  *The Pennsylvania robbery statute does not categorically constitute a violent felony*

The Government contends that four[5] of Mr. Singleton's prior convictions – all robberies in violation of 18 Pa. Cons. Stat. § 3701 – qualify as predicate acts for the ACCA enhancement. Because robbery is not a crime enumerated within § 924(e)(2)(B)(ii), I must determine if a prior conviction for robbery under § 3701 can satisfy ACCA's elements clause under *Johnson* and *Borden*.

Mr. Singleton was convicted of robberies in 1975, 1985, and 1999.  In 1975, at the time of Mr. Singleton's first robbery conviction, the Pennsylvania robbery statute read:

(1) A person is guilty of robbery if, in the course of committing a theft, he:

(i) inflicts serious bodily injury upon another;

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury; [or]

(iii) commits or threatens immediately to commit any felony of the first or second degree[.]

18 Pa. Cons. Stat. § 3701.  By the time that Mr. Singleton was later convicted under the statute, in 1985 and 1999, two additional subsections had been added, deeming theft to constitute robbery if the accused:

(iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediately bodily injury; or

(v) physically takes or removes property from the person of another by force however flight.

*Id.*

Applying the categorical approach, I first note that the Third Circuit has characterized the Pennsylvania robbery statute as divisible by subsection and I may therefore review any *Shepard*

---

[5] Because two of Mr. Singleton's prior robbery convictions arise out of the same occasion, I will proceed as if Mr. Singleton has three potentially qualifying prior convictions.  *See* 18 U.S.C. § 924(e)(1).

documents available.  *See Peppers*, 899 F.3d at 232 (quoting *United States v. Blair*, 734 F.3d 218, 225 (3d Cir. 2013)) ("[G]iven the clearly laid out alternative elements of the Pennsylvania robbery statute, it is obviously divisible and, therefore, a sentencing court can properly look to the kinds of documents listed . . . [in] *Shepard* to determine which subsection was the basis of [the defendant's] prior convictions.").  Here, however, there are no *Shepard* documents indicating what formed the basis of any of Mr. Singleton's prior robbery convictions, so there is no basis on which to employ a modified categorical analysis.  *See* ECF 342 at 7, 8, 10, 11.  I must therefore apply a pure categorical approach, and only examine the statutory elements of the crime.  If any version of robbery under § 3701 is not a "violent felony," then the statute does not satisfy the elements clause and such a conviction cannot serve as an ACCA predicate.

Applying the categorical approach and looking to Third Circuit precedent, I conclude that the Pennsylvania robbery statute does not categorically constitute a violent felony.  *See Peppers,* 899 F.3d at 231-34 (holding that subsection (v) of the Pennsylvania robbery statute does not satisfy the elements clause); *Antoine Singleton*, 252 F. Supp. 3d at 430, 436 (holding that subsection (iii) of the Pennsylvania robbery statute does not satisfy the elements clause).  At least one subdivision of the 1975 statute and at least two subdivisions of the later statute criminalize robbery without the use of force, making at least some robberies under the statute nonviolent.  *See Antoine Singleton*, 252 F. Supp. 3d at 430 (explaining that subsection (iii), which has been included in the robbery statute since 1975, "does not require force, because some first- and second-degree felonies are nonviolent"); *United States v. Thorn*, 282 F. Supp. 3d 886, 892 (E.D. Pa. 2017) ("First-degree robbery is not a categorical match under the force clause.").  Consequently, Mr. Singleton's prior robberies cannot serve as predicate acts under ACCA.

Additionally, a robbery conviction under the Pennsylvania statute can be committed with a *mens rea* of recklessness, likewise excluding Mr. Singleton's prior crimes as ACCA predicates under *Borden*. *See United States v. Harris*, -- F.4[th] --, 2023 WL 3494771, at *1 (3d Cir. 2023) ("[C]rimes that could be committed with a *mens rea* of recklessness do not qualify as violent felonies under ACCA's element of force clause.").  In fact, the Government appears to concede this point, noting that subsection (i) of the Pennsylvania robbery statute may be committed recklessly.  ECF 349 at 22; *see also United States v. Giles*, No. 94-20-01, 2021 WL 5418158, at *3-4 (E.D. Pa. Nov. 19, 2021) (Surrick, J.) (concluding that subsection (iv) of the Pennsylvania robbery statute can also be violated recklessly).  The Government is forced into this concession because, when there is no *mens rea* specified within a statute, Pennsylvania law presumes that acting "intentionally, knowingly or recklessly" suffices to support a conviction.  *See* 18 Pa. Cons. Stat. § 302(c).  Because the Pennsylvania robbery statute can be violated through reckless conduct, conviction under that statute does not categorically qualify as a "violent felony" under ACCA.  *See Borden*, 141 S. Ct. at 1834.

In attempting to surmount these obstacles, the Government contends that in moving under § 2255 Mr. Singleton carries a higher burden than as a defendant at his original sentencing. Specifically, it argues that when it is not clear from the *Shepard* documents "which portion of a divisible statute was the basis of conviction, and there is a plausibly applicable portion that qualifies as a predicate, the habeas petitioner cannot prevail in disputing that predicate" because the petitioner "bears the burden of proving that his conviction is illegal."  ECF 349 at 32-33.  In effect, it seeks a double standard, allowing it to cite to underlying facts not properly considered when using the categorical approach, while seeking to limit the defendant to facts that may only

be established from *Shepherd* documents that do not exist.  I have previously rejected such an alternative standard  as fundamentally unfair.  *See Antoine Singleton*, 252 F. Supp. 3d at 436-38.

Additionally, the Government's suggested burden ignores *Peppers*.  There, the Third Circuit held that a § 2255 movant making a *Johnson* claim must demonstrate "that his sentence necessarily implicates the residual clause, which may be shown either by evidence that the district court in fact sentenced him under the residual clause or proof that he could not have been sentenced under the elements or enumerated offenses clauses based on current case law."  899 F.3d at 235 n.21.  The Government argues that, in finding that petitioner's prior Pennsylvania robbery convictions were not violent felonies under ACCA, the Third Circuit in *Peppers* "overlooked the applicable burden."  ECF 349 at 34.  To the contrary, relief was granted in *Peppers* because the petitioner had *met* his burden.  Like Singleton, the petitioner in *Peppers* showed that his prior convictions could not qualify as a violent felony under any still-constitutional clause of ACCA, and without *Shepard* documents identifying the subsection of the statute that formed the basis of the conviction, the court was not free to look to the facts of a conviction even in a proceeding under § 2255.  I therefore join other district judges who have rejected the Government's proposed approach,[6] and conclude that Mr. Singleton is entitled to appropriate relief as to his sentence on Count Four.

**B.  Mr. Singleton's conviction under § 924(c) is not invalidated by *Davis*.**

To violate § 924(c), a person must use or carry a firearm "during and in relation to any crime of violence or drug trafficking crime."  Like ACCA, under § 924(c), a "crime of violence"

---

[6] *See United States v. Delaney*, 606 F. Supp. 3d 143, 148-151 (E.D. Pa. 2022) (Goldberg, J.); *United States v. Parrott*, 585 F. Supp. 3d 661, 664-66 (E.D. Pa. 2022) (Surrick, J.); *United States v. Giles*, No. 94-cr-20-01, 2021 WL 5418158 at *5 (E.D. Pa. Nov. 19, 2021) (Baylson, J.); *United States v. Ruffin*, No. 17-CV-00492-MRH, 2022 WL 1485283, at *5 (W.D. Pa. May 11, 2022); *United States v. Harris*, 205 F. Supp. 3d 651, 661-62 (M.D. Pa. 2016); *United States v. Evans*, No. 02-CR-1, 2015 WL 9480097, at *2 (W.D. Pa. Dec. 29, 2015).

is defined as a felony that either (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in committing the offense. 18 U.S.C. § 924(c)(3). In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court held that the statute's second subsection, referred to as the "residual clause," was unconstitutionally vague. This leads Mr. Singleton to argue that his conviction on Count Three under § 924(c) should be vacated because the predicate crime upon which it was based – conspiracy to commit Hobbs Act robbery (Count One) – does not satisfy the remaining definition of a crime of violence under § 924(c)(3)(A). *See* ECF 342 at 13.

But Singleton was not just charged with and convicted of conspiracy to commit Hobbs Act robbery (Count One). He was also charged with and convicted of a substantive count of Hobbs Act robbery (Count Two). Indeed, the indictment specifically stated that the 924(c) charge was based on *both* the conspiracy to violate the Hobbs Act and the substantive Hobbs Act charges. ECF 7 at 7; *see United States v. Castillo*, No. 12-230-3, 2021 WL 5416148, at *9 (E.D. Pa. Nov. 19, 2021) (Smith, J.) (sustaining a 924(c) conviction when an indictment "specifically indicated that the section 924(c) charge was based on" two crimes, at least one of which fit the statutory definition for a crime of violence or drug trafficking crime). Thus, even if conspiracy alone could not support a conviction under 924(c), Mr. Singleton's conviction would still be valid provided that a substantive Hobbs Act conviction qualifies as a predicate crime under the statute.

There is currently no precedential decision in this Circuit holding that Hobbs Act robbery is a valid 924(c) predicate crime under the elements clause. [7] But, as petitioner's counsel candidly acknowledges, ECF 356, the unanimous consensus among several circuits is that Hobbs Act

---

[7] Only a non-precedential panel has addressed the issue, *United States v. Monroe*, 837 F. App'x 898 (3d Cir. 2021.)

robbery is a "crime of violence" under 924(c). *See, e.g., United States v. Garcia-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018); *United States v. McCoy*, 995 F.3d 32, 54-55 (2d Cir. 2021); *United States v. Mathis*, 932 F.3d 242, 265-66 (4th Cir. 2019); *United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017); *United States v. Gooch*, 850 F.3d 285, 290-92 (6th Cir. 2017); *United States v. McHaney*, 1 F.4th 489, 490-91 (7th Cir. 2021); *United States v. Jones*, 919 F.3d 1064, 1072 (8th Cir. 2019); *United States v. Dominguez*, 954 F.3d 1251, 1258-62 (9th Cir. 2020), *rev'd on other grounds Dominguez v. United States*, 124 S. Ct. 2857 (2022); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060-66 (10th Cir. 2018); *In re St. Fleur*, 824 F.3d 1337, 1341 (11th Cir. 2016). I will therefore reject Mr. Singleton's *Davis* claim, which is preserved for appeal.

## III.    Conclusion

For the reasons set forth above, Defendant's § 2255 motion is granted in part and denied in part. The proper remedy will be determined following the submission of supplemental briefing. *See* ECF 357. An appropriate order follows.

   /s/ Gerald Austin McHugh
   United States District Judge