IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **CRIMINAL ACTION** |
| v. | : | No. 11-76-1 |
| | : | |
| **AMOS SINGLETON** | : | |

McHUGH, J.                                                                                          December 3, 2024

### MEMORANDUM

In May, 2023, I granted Defendant's motion to vacate his sentence, and in November that same year resentenced Mr. Singleton to a significantly shorter period of incarceration, albeit a substantial one, which incorporated an upward variance because of the nature of his acts. He was ably represented by one of the leading members of the federal criminal bar, Susan Lin, Esquire. He now returns with a *pro se* motion arguing ineffective assistance of counsel at his resentencing. For the reasons that follow, his motion will be denied.

First, Mr. Singleton contends that counsel was deficient in failing to dispute whether a juvenile adjudication qualified as a "violent felony" under the Armed Career Criminal Act. But Mr. Singleton was not sentenced under ACCA, and his juvenile record did not affect the sentencing calculation in any respect.

Second, Mr. Singleton argues that counsel was ineffective in failing to require the production of certified records regarding his prior convictions under *Shepard v. United States,* 544 U.S. 13 (2005). *Shepard* comes into play when a court must consider whether the defendant had a prior conviction that would increase a statutory penalty. That did not occur here. Rather, Singleton's criminal history was reviewed only for purposes of calculating the advisory guideline range. Guideline determinations are made by a preponderance of the evidence, based on any

reliable information. *United States v. Grier,* 475 F.3d 556, 561 (3d Cir. 2007) (*en banc*). A record is properly considered if it has "sufficient indicia of reliability to support its probable accuracy." *United States v. Miele*, 989 F.2d 659, 663 (3d Cir. 1993). Mr. Singleton does not dispute that he had incurred prior convictions, and a sentencing court may "rely on the facts set forth in the presentence report when their accuracy is not challenged by the defendant." *United States v. Foster,* 891 F.3d 93, 113-14 (3d Cir.2018.)  Counsel may not be faulted for refusing to make a meritless argument.

    Finally, Mr. Singleton argues that counsel should have objected that the Court's finding of a "six-level enhancement" was invalid, having never been submitted to a jury. Two separate six-level enhancements figured in the guideline calculations, and petitioner is unclear as to which he challenges. Regardless, as established by *Grier,* 475 F.3d at 561, the *Apprendi* requirement of proof beyond a reasonable doubt does not apply to judicial findings related to application of advisory guidelines.

        /s/ Gerald Austin McHugh
        United States District Judge