IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL ACTION** |
| v. | : | No. 11-76-1 |
| | : | |
| **AMOS SINGLETON** | : | |

**McHUGH, J.**                                                                                        **December 3, 2024**

## MEMORANDUM

Amos Singleton is a 69-year-old defendant with serious medical problems currently serving a lengthy sentence for serious crimes. He returns with a third motion for compassionate release, citing his various medical problems and emphasizing that at this stage in his life he is at low risk for recidivism.

Turning first to his medical condition, the Government is correct that the position in which he finds himself is largely a function of his continuing to commit serious offenses well into his life. Some of those conditions were ones from which he suffered when he committed the crimes resulting in the sentence he now serves. Having carefully reviewed the records submitted, I remain persuaded that the Bureau of Prisons is capable of providing, and is providing, adequate care for Mr. Singleton's' various conditions. The most serious problem he faces involves his lungs, and he has expressed interest in a lung transplant. The Bureau has been responsive to that request, and in fact transferred him to a medical facility near Boston where he has come under the care of physicians affiliated with Brigham and Women's Hospital, one of the teaching hospitals of Harvard Medical School. It is consistently recognized as one of the nation's leading hospitals, with particular expertise in lung transplants.  Given Mr. Singleton's access to such high-quality care, his personal preference for the University of Pennsylvania carries no weight.

2

Turning next to Mr. Singleton's argument with respect to potential risk to the community, specific deterrence is only one of the relevant factors a District Court must consider under 18 U.S.C. §3553(a). The others include the seriousness of the offense, the need to promote respect for law, and what constitutes sufficient punishment for the crime. In resentencing Mr. Singleton, I gave him the benefit of a very significant reduction in his sentence after concluding that his former sentence was no longer legally valid. In doing so, however, I nonetheless varied upward because of the heinous nature of the offense.

There are crimes of weakness and crimes of malice, and the crimes here uniquely qualify as the latter. In addition to the calculated nature of the offense, and Mr. Singleton's obvious readiness to let the victim of his attack die, the cold-hearted nature of his holding a pistol against a woman's face and then pulling the trigger can only be described as profoundly amoral conduct. And even at resentencing, after listening to his victim recount for a second time the horror she endured and the struggles she continues to endure, Mr. Singleton had nothing to communicate to her by way of remorse. The combination of factors under §3553(a) far outweighs any hardship Mr. Singleton must endure in coping with his medical problems while incarcerated.

/s/ Gerald Austin McHugh
United States District Judge